IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:10-CR-223 |
| | ) |
| EDGAR BENITEZ HERNANDEZ, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant Edgar Benitez Hernandez's Motion for Compassionate Release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) (Dkt. 78) and two Motions to Appoint Counsel (Dkts. 77 & 79).

In an effort to maintain and increase his position in the gang Mara Salvatrucha 13 ("MS-13"), Defendant Edgar Benitez Hernandez attempted to murder two people in Loudoun County, Virginia. On September 13, 2008, Defendant was in a vehicle with other MS-13 members in Sterling Park when one of the passengers alerted him that a member of the rival 18th Street Gang had been spotted. Defendant instructed the driver to park the car and wait while he and a fellow passenger attacked the rival gang member. After leaving the vehicle, Defendant moved into a position behind some shrubs and clandestinely observed the person he believed to be a rival gang member approaching. The

1

person was accompanied by a pregnant female. As the male and female approached, Defendant leapt from behind the bushes, shouted "Mara Salvatrucha Cabrones" and fired multiple shots at the victims. The male victim was struck in the abdomen and chest, and the female was struck in the waist, chest, and hamstring area. Both victims sustained life threatening injuries but survived.

On June 23, 2010, Defendant was charged in an eight-count Indictment with Assault with a Dangerous Weapon in Aid of Racketeering, in violation of Title 18, U.S.C. §1959(a)(3) (Count 1), Attempted Murder in aid of Racketeering, in violation of Title 18, U.S.C. §1959(a)(5) (Counts 2 - 3), Use and Discharge of a Firearm During a Crime of Violence, in violation of Title 18, U.S.C. §924(c)(1)(A)(Counts 4 - 6), and Illegal Alien in Possession of a Firearm, in violation of Title 18, U.S.C. §922(g) (Counts 7-8). On December 18, 2013, Defendant was arrested in El Salvador and extradited to the United States. On January 10, 2014, Defendant appeared before the Court for arraignment. On February 12, 2014, Defendant entered a plea of guilty to Counts 5 and 6 of the Indictment which charged him with the Use and Discharge of a Firearm During a Crime of Violence, in violation of Title 18, U.S.C. §924(c)(1)(A). The remaining counts were dismissed.

On May 23, 2014, Defendant was sentenced to 120 months on Count 5 and 300 months on Count 6, to run consecutively, then 60 months supervised release on Count 5, and 60 months supervised release on Count 6, to run concurrently, and $41,316.34 restitution. On April 15, 2021, Defendant submitted a written request for compassionate release/reduction in sentence to time served to Warden J. Bartlett. Defendant admitted that he did not have any underlying health conditions and based his request upon the inherent risks posed by jail conditions. On May 6, 2021, Warden Bartlett denied the request on the grounds that Defendant's request did not meet any of the criteria to qualify for compassionate release based on extraordinary and compelling circumstances. On May 17, 2021, Defendant filed a motion to reduce his sentence under the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A)(i).

The Court first turns to Defendant's Motion to Appoint Counsel "in light of the Supreme Court's Ruling in Sessions v. Dimaya..." 138 S.Ct. 1204. Defendant claims the United States Supreme Court's decision in Dimaya affects his final sentence and thus he requires counsel be appointed to represent him on that matter.

The United States Supreme Court in Dimaya looked at the Immigration and Nationality Act's ("INA") definition of an "aggravated felony" which in the INA, renders deportable any

3

alien convicted of an "aggravated felony" after entering the United States. The definition incorporated "a crime of violence (as defined in section 16 of title 18…) for which the term of imprisonment [is] at least one year." The Supreme Court went on to analyze the definition in the "crime of violence" provision of 18 U.S.C. § 16. The Court determined it was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment as incorporated into the INA definition of "aggravated felony".

In the case before this Court, Defendant's final sentence is not affected by the ruling in Dimaya. First, removal and other immigration consequences are handled in separate court proceedings, they are not and were not adjudicated by this Court at the time of Defendant's sentencing. Further, in Defendant's plea agreement he consented to removal from the United States and agreed that his consent was binding. The plea agreement in relevant part states: "The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS)." Further stating, "The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal." The plea agreement also includes: "The defendant agrees that the defendant intends the agreements contained in this plea

4

agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this plea agreement." The Court finds Defendant has not put forth a plausible legal basis to support his request thus, his first Motion to Appoint Counsel should be denied.

Defendant's second Motion for Appointment of Counsel asks the Court to appoint counsel to represent him in his presently pending Motion for Compassionate Release. Defendant has failed to provide good cause for appointment of counsel in this matter nor a legal basis to support the appointment. The second Motion for Appointment of Counsel should also be denied.

Now turning to the Motion for Compassionate Release, having been fully briefed, the Court is prepared to rule on Defendant's Motion.

The Court finds Defendant's Motion for Compassionate Release should be denied because he has not provided an extraordinary or compelling reason for compassionate release and reducing his sentence would be inconsistent with the statutory sentencing factors outlined in 18 U.S.C. § 3553(a).

The parties do not contest that Defendant's filing of his Motion was procedurally adequate under § 3582(c)(1)(A). Therefore, the Court proceeds to analyze the merits of Defendant's Motion.

Under § 3582(c)(1)(A), a court is authorized to reduce a sentence upon a motion for compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction[.]" While the statute does not define what constitutes an extraordinary and compelling reason, the Sentencing Commission has offered guidance via a policy statement. See United States v. McCoy, 981 F.3d 271, 276. The policy statement refers to the defendant's medical condition, age, and family circumstances as possible factors in support of an extraordinary and compelling reason for release. See U.S.S.G. § 1B1.13. While the policy statement is not binding with respect to motions brought forth by defendants, it is still helpful for courts to consult when they make their own independent determinations as to whether an extraordinary or compelling reason exists. See id. at 282, 284. Even if a court finds there is an extraordinary and compelling reason for a reduction, it is required under 18 U.S.C. § 3582(c)(1)(a) to also consider the sentencing factors outlined in § 3553(a) before granting such a motion. Because the relevant statute is silent on the matter, Defendants bear the burden of proving they are entitled to compassionate release. See Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 57–58 (2005) ("Absent some reason to believe that Congress intended otherwise, therefore, we will conclude that the burden of persuasion lies where it usually falls, upon the party seeking

6

relief."). Given Defendant's *pro se* status, this Court will construe his motion under less stringent standards than would apply to papers drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Defendant argues first, he is entitled to compassionate release because he received a 35-year sentence that was based on "stacked" 18 U.S.C. § 924(c) sentences and second, because of the risks posed by Covid-19.

Starting with Defendant's first basis for relief, the Fourth Circuit's decision in United States v. McCoy does not entitle the defendant to relief from stacked sentences as a matter of right. In United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit held the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 282. According to McCoy, because § 1B1.13 specifies its applicability only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Thus, although McCoy broadened district courts' discretion under § 3582(c)(1)(A), it nonetheless appeared to envision a system whereby courts remain confined within a traditional discretionary framework.

7

McCoy also held that in considering whether extraordinary and compelling reasons exist for a sentence reduction, district courts are permitted to consider the "unusual length" of a sentence as well as the "gross disparity" "between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." 981 F.3d at 285. McCoy concluded that Congress' recent amendments to the stacking provisions of 18 U.S.C. § 924(c), could, when coupled with other defendant-specific factors, constitute extraordinary and compelling reasons under § 3582(c)(1)(A)(i). 981 F.3d at 285. However, McCoy did not hold that the existence of stacked § 924(c) sentences necessarily satisfied the requirements of § 3582(c)(1)(A)(i) in all cases. Instead, it held that courts "may consider" that "defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair." Id. at 286. McCoy also stressed that the "extraordinary and compelling" prong of § 3582(c)(1)(A)(i) is a "heightened standard," and that "only those defendants who can meet the heightened standard of 'extraordinary and compelling reasons' may obtain relief." Id. at 287. The Court finds that while the Defendant received a 35-year sentence based on stacked provisions of 18 U.S.C. § 924(c), the defendant-specific factors do not rise to the heightened standard required to satisfy a extraordinary and compelling reason.

Defendant's second basis for relief is his claimed risk of severe illness from Covid-19. However, Defendant's risk is extremely small because he is only 35 years old and has no underlying health conditions. Although he tested positive for Covid-19 in January 2021, the Bureau of Prisons Clinical Encounter-Administrative Notes dated January 25, 2021 reflect that his illness was not severe. The Defendant subsequently received both doses of the Pfizer vaccine: the first dose on February 25, 2021 and the second dose on March 17, 2021.

The defendant bears the burden to demonstrate that he is entitled to compassionate release under § 3582(c)(1)(A)(i). See White v. United States, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019). The defendant has not shown that he is entitled to additional relief based on the risk of contracting COVID-19.

Further, the Court finds the sentencing factors counsel against granting a reduction. Reducing the Defendant's sentence risks undermining the message that violent gang shootings are taken seriously and strongly punished. A significant period of incarceration is needed to deter other current and prospective gang members from aiding and abetting violent gang conduct.

Defendant was an MS-13 gang member who shot two innocent people walking down the street. The Defendant targeted the male victim simply because he believed the male was a member of the rival 18th Street Gang, and the pregnant female for no reason

9

other than she was accompanying the male. The callousness and disregard for human life evidenced by this act cannot be overstated.

Thus, Defendant has not met the burden of demonstrating any extraordinary and compelling reasons to justify a reduction of his sentence, nor has he demonstrated that his early release would be consistent with the 18 U.S.C. § 3553(a) sentencing factors. This Court finds that Defendant's Motion for Compassionate Release should be denied and both Motions to Appoint Counsel should be denied. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 28, 2024

10